# IN THE COURT OF APPEALS OF IOWA

No. 24-0194
Filed January 23, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES MARTIN PETERSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, John Telleen, Judge.


The defendant appeals his discretionary sentences after pleading guilty.

**AFFIRMED.**


Cathleen J. Siebrecht of Siebrecht Law Firm, Pleasant Hill, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


Considered by Greer, P.J., and Buller and Langholz, JJ. Telleen, S.J., takes no part.

**GREER, Presiding Judge.**

Of the six charges of sexual abuse against him, two were dismissed and James Peterson pled guilty to four counts of sexual abuse in the second degree in violation of Iowa Code section 709.3(1)(b) (2022).[1] Under the plea agreement, the parties agreed to several conditions. In the end, the district court sentenced Peterson to a total term of incarceration not to exceed twenty-five years with immediate parole eligibility, with the four matching sentences to be served concurrently. Now on appeal, Peterson argues the district court abused its discretion because the court rejected Peterson's request for probation with a treatment option in the community.[2] Because the district court appropriately exercised its discretion, we affirm the sentences.

### Factual Background and Proceedings.

While Peterson was seventeen years old, on several occasions, he sexually abused two ten-year-old children. After an investigation where he admitted performing oral sex on the children and having them both perform oral sex on him, he entered into a plea agreement with the State. The district court accepted the plea agreement, and it provided:

> The State will recommend all counts run concurrent. The State will be recommending the defendant be sentenced to a term of imprisonment not to exceed 25 years. The State will ask that this sentence be imposed. The State agrees not to seek a mandatory minimum due to defendant's age at the time of the offense. The Defendant may argue for a suspended sentence or deferred judgment.

---

[1] Peterson admitted the sexual abuse occurred sometime between November 2021 and October 2022; the relevant statute remained the same during that time period. We refer to the 2022 Iowa Code for ease.

[2] Peterson's challenge is to the discretionary sentence imposed, thus he has good cause to appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

As a part of the plea agreement, a presentence investigation (PSI) was conducted. The PSI evaluator noted that Peterson had no criminal history and, after testing, scored as a low risk to reoffend. Peterson advocated at the sentencing hearing for treatment at a residential treatment facility. But the district court rejected that recommendation and sentenced Peterson to prison for a period not to exceed twenty-five years on each count with all four counts to be served concurrently. Because of Peterson's age at the time of the offenses, the court waived the mandatory minimum sentence. Peterson appeals his sentences.

**Standard of Review.**

"To warrant reversal of a sentence, the record must show some 'abuse of discretion or some defect in the sentencing procedure.'" *State v. Patten*, 981 N.W.2d 126, 130 (Iowa 2022) (citation omitted). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and [the sentence] will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

**Discussion.**

Peterson challenges the sentences imposed and contends the district court should have granted him probation where he "would have been monitored by his probation officer with the requirement that he obtain treatment in the community as a condition of his probation." Certainly, that was an available option for the district court to choose, but our role on review is not to select what option we might have chosen but instead to analyze if the district court abused its discretion when

selecting the sentence it did. *See State v. Blauer,* No. 23-0966, 2024 WL 3290394, at *2 (Iowa Ct. App. July 3, 2024) ("We do not substitute our judgment for the district court's when it comes to sentencing."). We find no such abuse of discretion here.

At the sentencing hearing, the district court laid out the sentencing options. After reviewing the PSI report and hearing arguments from the State and Peterson, the court stated:

> Mr. Peterson, in sentencing you, I consider the nature of the crime, the effect that the crime has upon members of the community, your willingness to accept change and treatment, and what's available to you—to me in the community to assist you in that process. I look at the least restrictive alternatives first and then proceed to the more restrictive alternatives. The—But, of course, I must protect the interest of the public, in this case, unfortunately, the—the public being children in the position of [the victims], from— from very–very harmful criminal activity that's very damaging.
>
> I'll have to tell you that this is a difficult case for me in a way. Of course, the nature of the crime is heinous. Sex abuse of a child is terrible. I don't need to emphasize that. However, there—you've had no prior criminal history, and I have a great deal of sympathy for you, frankly. The medical records indicate that you have borderline intellectual functioning. It's clear that you have mental health issues. You were apparently removed from your mother's care at the age of one when her parental rights were terminated. You were in the foster system for quite a while, I believe. You eventually—It's clear you have some mental health issues. . . . And so all of that gives me, frankly, a great deal of sympathy for you, and apparently, we—this hasn't been verified, but at least it's your indication that you were sexually abused when—when you were a child as well.
>
> However, in this case, I do believe you knew that it was wrong. Your mental functioning is not of a deficit such that you don't understand right from wrong. This was fairly repeated behavior. It was not an isolated incident. . . . From . . . the Minutes of Testimony, it's pretty clear that there—this was some forceful behavior, and I have a great deal of concern that you–partly because of your— maybe it was because you were sexually abused as a child; maybe it is because of mental health problems, but I have concern as to whether or not, if released on probation, you would be able to regulate your behavior and not commit sexual acts because you have committed a number of them in the past and so—and you've

> had some history of physical aggression, both towards these girls and, apparently, a history of some physical aggression towards your stepmother, who was always important in your life.
>
> So for—so, for those reasons, I think in my mind the interest of protecting the community and protecting future victims calls for a sentence of–and in the interest of deterrence, general and specific, calls for a sentence of incarceration. I am, by the way, happy that the law in this area allows the Department of Corrections to determine how long you will serve. . . . So, for those reasons, I—I think incarceration—And by the way, in terms of Court and the Department of Corrections investigated RCF [residential correctional facility]. It—they told us it's not available. [Defense counsel] inquired about Mental Health Court. Mental Health Court is not available for sex offenders. We tried many alternatives, and none of them—none of them would work, so we considered lesser restrictive alternatives.

The district court considered all pertinent matters and addressed both protection of the community and rehabilitation of Peterson. While we understand Peterson's wish for a sentence of probation with suspended prison time, his only argument on appeal is that the court did not consider "any other opportunity for [his] rehabilitation." This complaint is not borne out by the sentencing hearing record, as the district court purposefully and explicitly did consider other options but, in the end, weighed the proper factors and made the call. *See State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967) (providing the sentencing court "should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform"); Iowa Code § 901.5 (2023) (statutorily directing the court to provide "for the protection of the community from further offenses by the defendant").

After our review, we affirm Peterson's sentences.

**AFFIRMED.**